Filed 7/29/22  M.V. v. H.G. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| M.V., | C094156 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CV02554) |
| v. | |
| H.G., | |
| Defendant and Appellant. | |

Appellant H.G., in propria persona, appeals from a civil harassment restraining order entered against her.  Because the restraining order expired by its terms on September 13, 2021, no appellate relief can be granted.  We therefore dismiss the appeal as moot.

## BACKGROUND

In February 2021, M.V. filed a petition for a civil harassment restraining order (Code Civ. Proc., § 527.6) against H.G. for harassing conduct alleged to have occurred over several weeks between December 2020 and February 2021.  M.V. alleged she was harassed because H.G. blamed M.V. for her hair loss.

1

After issuing a temporary restraining order ex parte, the trial court held a contested evidentiary hearing on the restraining order on March 12, 2021. At the conclusion of the hearing, the trial court granted the petition and issued a restraining order using Judicial Council form CH-130. H.G. appealed from the order.

## DISCUSSION

As a rule, an appeal becomes moot when the occurrence of an event makes it impossible for the appellate court to grant any effective relief. (*Newsom v. Superior Court* (2021) 63 Cal.App.5th 1099, 1109.) "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot. [Citation.]" (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.) Courts of appeal can and should consider the issue of mootness sua sponte. (*City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 479.)

The restraining order that is the subject of this appeal expired, by its own terms, on September 13, 2021, nearly six months before appellant filed her opening brief on March 1, 2022. As a result, the issues raised in this appeal have been rendered moot. "It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.) A question becomes moot when, during the pendency of an appeal, events transpire that prevent a court from granting any effectual relief. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566; see also *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.) In such cases, the court will not proceed to a formal judgment, but will dismiss the appeal. (*Consol. etc. Corp.*, at p. 863; see *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["[a]n appeal should be dismissed as moot when the occurrence of events

2

renders it impossible for the appellate court to grant appellant any effective relief"].) An opinion from this court can have no practical impact and provide no effectual relief. Accordingly, we will dismiss the appeal.

## DISPOSITION

The appeal is dismissed as moot. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
_____
EARL, J.

We concur:


/s/
_____
ROBIE, Acting P. J.


/s/
_____
MAURO, J.